**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                  No. 00-4021

JACQUEL MASELLI KITCHENS,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Deborah K. Chasanow, District Judge.
(CR-99-107)

Submitted: August 18, 2000

Decided: September 8, 2000

Before MICHAEL and KING, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

Kenneth B. Folstein, Greenbelt, Maryland; Thomas A. Pavlinic,
Annapolis, Maryland, for Appellant. Lynne A. Battaglia, United
States Attorney, Deborah A. Johnston, Assistant United States Attor-
ney, Greenbelt, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Jacquel Maselli Kitchens pled guilty pursuant to a plea agreement to one count of possession with intent to distribute cocaine in violation of 21 U.S.C.A. § 841 (West 1999), and one count of possession of a firearm after conviction of a felony in violation of 18 U.S.C. § 922(g)(1) (1994). On appeal, Kitchens claims that the district erred by considering hearsay from undisclosed confidential informants in determining that Kitchens was not eligible for the"safety valve" provisions of 18 U.S.C.A. § 3553(f) (West Supp. 2000). Because Kitchens waived his right to appeal any sentence except an upward or downward departure from the sentencing guidelines, we dismiss the appeal.[1]

Kitchens entered into a plea agreement in which he agreed to waive any right to appeal "whatever sentence is imposed, including any issues that relate to the establishment of the guideline range, except reserving the right to appeal any upward or downward departure from the guideline range as determined by the court at the time of sentencing." At the Rule 11 plea colloquy,[2] the district court determined that Kitchens was a high school graduate and not under the influence of any medications, alcohol or drugs. Kitchens was informed that the mandatory minimum penalty for the drug offense was ten years. The district court expressly addressed the waiver provision. The court

_____

[1] We have considered the effect of <u>Apprendi v. New Jersey</u>, 530 U.S. ___, No. 98-478, 2000 WL 807189 (June 26, 2000), and find that, because Kitchens received a sentence of imprisonment and term of supervised release that did not exceed the statutory maximums set out in 21 U.S.C.A. § 841(b)(1)(C) (West 1999), no plain error occurred. <u>See</u> <u>United States v. Aguayo-Delgado</u>, ___ F.3d ___, 2000 WL 988128, *6 (8th Cir. July 18, 2000).

[2] Federal Rule of Criminal Procedure 11.

noted that normally defendants have the right to appeal decisions made by the judge at sentencing. The court stated that:

> In this case both you [Kitchens] and the Government have given up your right to appeal my guideline decisions, unless I decide to depart, that is to sentence you above or below the guideline range.
>
> If I should do that and either side thinks I have made a mistake, you will have the right to appeal, to complain about that mistake and get it corrected. Other than that, though, you and the Government have given up your rights to appeal my guideline decisions.

Kitchens stated that he understood. The court further stated that Kitchens waived his right to challenge his conviction in a 28 U.S.C.A. § 2255 (West Supp. 2000) motion except for ineffective assistance of counsel or prosecutorial misconduct. The court also stated that:

> You [Kitchens] will always have the right to complain if you think I have imposed an illegal sentence, that is one that's higher than those statutory maximums we talked about at the beginning of the procedure.

Kitchens indicated that he understood. The district court informed Kitchens that he faced a minimum term of ten years' imprisonment and at least five years' supervised release.

The district court denied Kitchens' motion requesting application of the safety valve and sentenced Kitchens to the minimum statutory term of ten years' imprisonment and five years' supervised release.

A waiver of a criminal defendant's right to appeal contained in a valid plea agreement "is enforceable against the defendant so long as it is the result of a knowing and intelligent decision to forgo the right to appeal." United States v. Attar, 38 F.3d 727, 731 (4th Cir. 1994) (internal quotation and citations omitted). In the instant appeal, Kitchens' plea agreement contained a provision expressly waiving the right to appeal any sentence and any issues involving the sentencing guide-

3

lines except for an upward or downward departure from the sentencing guidelines range. The district court expressly addressed the waiver provisions during Kitchens' Rule 11 colloquy. Kitchens stated that he understood the provision and agreed to it. There is nothing in the record to suggest that the plea or the plea agreement was unknowing or involuntary. Accordingly, we find that the plea waiver provision is enforceable. Because Kitchens was sentenced within the sentence authorized by statute and the court did not impose an upward or downward departure from the sentencing guidelines, we find that Kitchens waived his right to appeal his sentence.[3,4] Accordingly, we dismiss Kitchens' appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

DISMISSED

_____

[3] The statutory minimum sentence was ten years' imprisonment which became the sentencing guidelines range of imprisonment because the maximum sentence under the sentencing guidelines was less than the statutory maximum. See Ch. 5, Part A of the U.S. Sentencing Guidelines Manual; see also USSG § 5G1.1(b) (1998).

[4] Despite a waiver of appeal rights, a defendant may retain the right to appeal a sentence imposed in an unconstitutional manner. See Attar, 38 F.3d at 731. Kitchens did not have a constitutional right to confront confidential informants at a sentencing hearing. See United States v. Young, 981 F.2d 180, 187-88 (5th Cir. 1992).

4